IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ESAU MOORE, III, | : | Case No. 4:07-CV-209 |
| | : | |
| Petitioner, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| TROY WILLIAMSON, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM**

**June 20, 2007**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Pending before this Court is a Report (doc. 8), issued by Magistrate Judge

J. Andrew Smyser ("the Magistrate Judge" or "Magistrate Judge Smyser") on April

17, 2007, which recommends that pro se Petitioner Esau Moore, III's ("Petitioner"

or "Moore") Petition for Writ of Habeas Corpus ("the Petition") (doc. 1), filed on

December 26, 2006, be dismissed.[1]  For the reasons that follow, we will adopt

Magistrate Judge Smyser's Report in its entirety.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY:**

---

[1] The Petition, brought under 28 U.S.C. § 2241, was originally filed in the United States District
Court for the Western District of Pennsylvania.  Subsequently, the case was transferred to this Court.
(Rec. Doc. 1).

1

Our review of the record confirms the Magistrate Judge's description of Petitioner's allegations as to the relevant facts underlying the instant action and the relief requested.  (See Rec. Docs. 1, 6, 8).  Accordingly, we summarize the allegations and relief requested only briefly here.

On March 30, 2006, Petitioner was sentenced in the United States District Court for the Southern District of Georgia to a 30-month term of imprisonment for fraud and false statements.  (Rec. Doc. 6, Exh. 1).  Petitioner's projected release date, assuming Good Conduct Time release, is July 6, 2008.  (Id.).

In the instant action, Petitioner seeks an Order granting him placement in a half-way house or community corrections center ("CCC")[2] for the final six months, or the final ten percent, of his sentence.

On February 21, 2007, Respondent Troy Williamson ("Respondent" or "Williamson") was ordered to show cause on or before March 12, 2007, as to why Petitioner should not be granted habeas corpus relief.  The February 21, 2007 Order also provided that Petitioner could reply to the response within ten (10) days of the filing thereof.  Accordingly, on March 12, 2007, Respondent filed a response to the Petition.  Petitioner has not filed a reply thereto.

---

[2] The Federal Bureau of Prisons ("BOP") currently refers to such centers as residential re-entry centers ("RRCs").  However, for the sake of simplicity, we will continue to utilize the term selected by Petitioner and used by the BOP in documents relevant hereto, CCCs.

Thus, on April 17, 2007, the Magistrate Judge issued a Report (doc. 8) recommending that the Petition (doc. 1) be dismissed.  Objections to Magistrate Judge Smyser's Report were due on May 4, 2007, and to date, none have been filed.  Accordingly, this matter is ripe for disposition.

**STANDARD OF REVIEW:**

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985).  According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report."  Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987).  When a district court accepts a magistrate judge's report, the report becomes the judgment of the court.  Id.

**DISCUSSION:**

Our review of this case confirms the Magistrate Judge's determinations, and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Report.

As the Magistrate Judge explains, 18 U.S.C. § 3621(b) concerns the place of imprisonment of a federal prisoner and provides, in pertinent part:

The Bureau of Prisons shall designate the place of the prisoner's

3

imprisonment.  The Bureau may designate any available penal or
correctional facility that meets minimum standards of health and
habitability established by the Bureau, whether maintained by the
Federal Government or otherwise and whether within or without the
judicial district in which the person was convicted, that the Bureau
determines to be appropriate and suitable, considering–

> (1)  the resources of the facility contemplated;
> (2)  the nature and circumstances of the offense;
> (3)  the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence-
>> (A) concerning the purposes for which the sentence to
>> imprisonment was determined to be warranted; or
>> (B) recommending a type of penal or correctional facility
>> as appropriate; and
>
> (5) any pertinent policy statement issued by the sentencing
> Commission pursuant to section 994(a)(2) of title 28.

. . .

18 U.S.C. § 3621(b).

Further, 18 U.S.C. § 3624(c), which addresses pre-release custody provides,

in pertinent part:

> The Bureau of Prisons shall, to the extent practicable, assure that a
> prisoner serving a term of imprisonment spends a reasonable part, not
> to exceed six months, of the last 10 per centum of the term to be
> served under conditions that will afford the prisoner a reasonable
> opportunity to adjust to and prepare for the prisoner's re-entry into the
> community.  The authority provided by this subsection may be used
> to place a prisoner in home confinement . . . .

18 U.S.C. § 3624(c).

18 U.S.C. § 3624(c) does not mandate placement in a CCC or on home

confinement, Gambino v. Gerlinski, 96 F. Supp. 2d 456, 459-60 (M.D. Pa. 2000)

4

(Muir, J.), aff'd, 216 F.3d 1075 (3d Cir. 2000).  It does, however, provide discretion, pursuant to 18 U.S.C. § 3621(b), to place an inmate in a CCC for a period greater than the last ten percent of his or her sentence.

Prior to 2002, the Bureau of Prisons ("BOP") took the position that it had discretionary authority to place an inmate in a CCC for more than the last ten percent of his sentence.  See BOP Program Statement 7310.04 at page 4 (Dec. 16, 1998) (stating that a CCC meets the definition of a "penal or correctional facility," and, therefore, that the BOP "is not restricted by § 3624(c) in designating a CCC for an inmate and may place an inmate in a CCC for more than the 'last 10  per centum of the term,' or more than six month[s], if appropriate.").  However, on December 13, 2002, a Memorandum Opinion was issued by the Department of Justice's Office of Legal Counsel to the United States Deputy Attorney General ("OLC Opinion").  The OLC Opinion stated that nothing in § 3621(b) provides the BOP clear authority to place in a CCC an offender who has been sentenced to a term of imprisonment.  The OLC Opinion also noted that based on 18 U.S.C. § 3624(c), the authority of the BOP to transfer a prisoner to a CCC is clearly limited to a period "not to exceed six months, or the last 10 per centum of the term to be served."  The Opinion concluded that the BOP's practice of transferring inmates to CCCs prior to reaching the last ten (10) percent of their sentence was not lawful.

Subsequent to the Memorandum Opinion, the BOP enacted 28 C.F.R. § 570.20(a), which provides in relevant part:

> "The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community."

28 C.F.R. § 570.20(a).  The BOP also enacted 28 C.F.R. § 570.21(a), which provides:

> "The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months."

28 C.F.R. § 570.21(a).  The BOP regulations also provided an exception that the Bureau "may exceed these time-frames only when specific Bureau programs allow greater periods of community confinement, as provided by separate statutory authority (for example, residential substance abuse treatment program (18 U.S.C. § 3621(e)(2)(a), or shock incarceration program (18 U.S.C. § 4046(c))."  28 C.F.R § 570.21(b).

In 2005, the United States Court of Appeals for the Third Circuit held that the BOP's regulations regarding placement in community confinement were invalid because they did not allow for full consideration of the factors set forth by Congress in 18 U.S.C. § 3621(b).  <u>Woodall v. Federal Bureau of Prisons</u>, 432 F.3d

235, 244 (3d Cir. 2005).  The Third Circuit indicated that although the BOP has

discretion to refuse to place an inmate in community confinement, its exercise must

be based on the § 3621(b) factors.  Id. at 249.

In the instant action, Respondent contends that Petitioner has not exhausted

all administrative remedies, and that, therefore, this case should be dismissed.[3]

Although no statute requires prisoners to exhaust all administrative remedies when

they file petitions pursuant to 28 U.S.C. § 2241, as Petitioner has, courts have

created rules that prisoners are ordinarily required to do so "to ensure that

prisoners do not circumvent the appropriate agencies and needlessly swamp the

courts with petitions for relief."  Moscato v. Federal Bureau of Prisons, 98 F.3d

757, 760-61 (3d Cir. 1996).  Notably, such exhaustion of administrative remedies is

not required when administrative procedures are unavailable or incompetent to

provide adequate redress, or where exhaustion would be futile.  See Gambino v.

Morris, 134 F.3d 156, 171 (3d Cir. 1998) (Roth, J., concurring).  However, as

Petitioner has filed neither a reply disputing Respondent's contention that he has

---

[3] Respondent also contends that the Petition should be dismissed as premature because an inmate's unit team normally begins planning for and documenting CCC placement when the inmate is approximately one year from his release date.  (Rec. Doc. 6).  In this case, Petitioner is more than one year from his expected release date of July 6, 2008.  As the Magistrate Judge notes, we need not offer an opinion on this argument in light of our conclusion that the Petition should be dismissed because Petitioner has not exhausted the administrative remedies.

not exhausted his administrative remedies nor objections to the Magistrate Judge's Report, we see no reason to believe that exhaustion of administrative remedies in this case would be futile.

Thus, because we agree with Magistrate Judge Smyser's recommendation that Petitioner's Petition (doc. 1) be dismissed, and because no Objections have been filed, we will adopt the Magistrate Judge's Report as our own.

An appropriate Order shall issue.